## CIRCUIT COURT OF LOUDOUN COUNTY

Richard A. Rogers et al.

v.

Virginia Board
of Historic Resources et al.

May 29, 1996

Case No. (Chancery) 16573

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court for review of a case decision of the Virginia Board of Historic Resources (the Board) under the Administrative Process Act (the APA), Section 9-6.14:1 *et seq.* of the Virginia Code. After consideration of the record, the memoranda and the argument of counsel on May 20, 1990, the decision is affirmed.

The parties are well aware of the facts as shown by the record; therefore, only those facts needed to explain my decision are stated herein.

The Rogers assert that the Board's decision in June 1995 approving the location of the Hornbeck's house in Shelburne Glebe is erroneous as a matter of law, arbitrary and capricious because of the following.

(1) The decision does not comply with the provision in paragraph 6 of the Preservation Easement which provides: "Insofar as possible, each new building or structure permitted herein shall be screened from the manor house by landscaping or topography."

(2) The Board approved the construction of the Hornbeck's house with the approval of the associated driveway or without requiring a separate submission therefor.

### Standard of Review

The standard of review is set forth in Section 9-6.14:7 and the cases construing it. The Rogers must demonstrate an error of law. The issue of law crucial to the decision here is the substantiality of the evidential sup-

port of the findings of fact made by the Board. Under this "substantial evidence" standard, this Court can reject the Board's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. *Virginia Real Estate Commission* v. *Bias*, 226 Va. 264, 269 (1983).

The Board's decision is presumed to be correct, and the burden is upon the Rogers to overcome the presumption. *Environmental Defense Fund* v. *State Water Control Board*, 15 Va. App. 271, 277 (1992). Section 9-6.14:7 requires this Court "to take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

This Court cannot substitute its judgment for the judgment of the Board. *Johnston-Willis, Ltd.* v. *Kenley*, 6 Va. App. 231, 263 (1988).

The Rogers attack the Board's decision solely on the basis of the Easement and its provisions. The Rogers are successors to the grantor of the Easement. The Board and the Loudoun County Board of Supervisors are the only grantees of the Easement in gross. The Board is a state agency responsible by law for the historic resources of the Commonwealth. The Board as a grantee under the Easement is entitled to enforce its rights under it. The Board exercises its discretion in interpreting the Easement utilizing its expertise. Such exercise of discretion is entitled to judicial deference. There should be judicial intervention only for relief against arbitrary and capricious action constituting a clear abuse of discretion. *Virginia Alcoholic Beverage Control Commission* v. *York Street Inn, Inc.*, 220 Va. 310 (1979).

The record is very extensive in light of the nature of the decision. The record shows that the Board and its staff spent a considerable amount of time on the Hornbeck's application working with them and the Rogers in an attempt to find a solution to the difficult issues raised by the application. In rejecting two prior proposals and in approximately five visits to the site by various officials or agents of the Board, it took its time in making a decision utilizing the information gleaned from the site visits and its expertise in the area.

Each assertion by the Rogers is addressed below.

### The "Screened" Issue

The Board recognized the historic nature of Shelburne Glebe and its significant scenic and open space value. At the same time, the Preservation Easement provides, with restrictions, for the construction of one single-

family residence and incidental structures on each lot. The Easement does not prohibit development in order to preserve the historic *status quo* of Shelburne Glebe. The Board must balance the rights of the lot owner to build a residence and the protections (viewshed or otherwise) afforded to the manor house and its owner with the overall purpose of the Easement to ensure compatibility with the scenic and historic character of Shelburne Glebe and the Goose Creek Historic District.

The Board in its decision balanced these competing interests. Neither the Rogers nor the Hornbecks received what they wanted. The Board's decision is, at least, a fairly debatable one, i.e. reasonable people could differ about it. Therefore, there is substantial evidence to support the Board's findings of fact.

To construe the relevant sentence of paragraph 6 as the Rogers argue would ignore the intent of the Easement and make its literal words superior to the purpose of the Easement. Of course, it is always possible to use landscaping and topography to screen the house, but the possibility must be considered in the context of the purpose and the restrictions of the Easement. It is reasonable to construe the phrase "insofar as possible" as what might be possible given the purpose and the language of the Easement, and not what is simply possible.

The Easement in paragraph 10 refers to maintenance of the existing ratio of wooded areas to open space. Landscaping with large trees to act as a screen could affect this ratio. The Board recognized this in its resolution approving the location.

The topography of the Hornbeck's lot and the building envelope limit the portions thereof on which it would be desirable to build a residence. The Board approved a location fitting within these parameters.

While "screen" can have a connotation of "render invisible," it also can mean to separate or set apart. A screen door does not render what is on the other side invisible. It is reasonable to construe the "screened" requirement in paragraph 6 of the Easement to mean that a clear view of the Hornbeck residence and the barn is obscured in a reasonable manner. The Board met this definition of "screened" by the tree and other plant requirements between the Hornbecks' residence and the manor house. The parties to the Easement had to have been aware that Lot 8 lay directly across the lake from the manor house and that the logical site for a residence on it would be in an open area between the lake and the woods. If the parties had wanted the residence to be invisible or unable to be seen from the manor house, then they should have stated it specifically in the Easement.

As drawn, the Easement does not require that the Hornbeck residence be invisible from the manor house.

The use of a barn as screening for the residence is not an issue because the screening is provided by the trees and the other plants. The screening is by landscaping as required by the Easement.

Deference is given to the decision of the Board with its and its staff's experience and specialized competence. The Board reasonably balanced the interest of the Hornbecks and the Rogers while preserving the historic and scenic character of Shelburne Glebe.

The Rogers have not overcome the presumption of the correctness of the Board's decision. The Board after careful and tedious review of all the facts reached a reasonable decision supported not only by the facts but also by a reasonable interpretation of the Easement. The Board's action is not arbitrary or capricious.

### The Road Issue

The Board did not err in failing to require a submission or to approve a driveway because the Hornbecks did not provide any information to the Board that would indicate that it needed to approve any new roads or driveways as provided in paragraph 14 of the Easement. The record contains substantial evidence to support a finding that the Hornbecks are utilizing an existing road. The Board's determination that any questions concerning the appropriate exit from the Hornbeck's property were questions of County requirements which the Easement did not supersede is supported by evidence in the record. There are no new roads or driveways for the Board to consider. There is no error of law subject to review by this Court.